UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| GARY BAKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-314-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Gary Baker ("Baker") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10 and 11] Through this action, Baker seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Baker.

**I.   BACKGROUND**

Baker protectively filed his applications for DIB and SSI on May 27, 2003, alleging disability as of April 4, 2003. His claims were denied initially and upon reconsideration.

Thereafter, on April 27, 2005, Administrative Law Judge ("ALJ") Don C. Paris issued a decision denying benefits to Baker. Baker requested review of this determination by the Appeals Council. However, the record on which the ALJ based his decision could not be located or completely reconstructed for purposes of this review. Accordingly, on May 31, 2006, the Appeals Council remanded Baker's case without taking any action.

During the pendency of the appeal, Baker again filed applications for DIB and SSI on March 31, 2006, alleging an onset date of June 18, 2005. These claims also were denied, and the two cases were consolidated for hearing before ALJ Paris. On January 12, 2007, the ALJ presided over a video hearing in Lexington, Kentucky, with Baker appearing from Hazard, Kentucky, accompanied by his attorney, McKinley Morgan. During this hearing, the ALJ received testimony from Baker and Ralph M. Crystal, a vocational expert. Thereafter, on February 16, 2007, the ALJ issued a decision denying benefits to Baker, concluding that he did not have any impairments or combination of impairments that met the disability requirements. [Transcript, pp. 26-35 ("Tr., p.__")] Baker's request for review was denied by the Appeals Council on July 24, 2007. [Tr., pp. 14-16]

At the time of the most recent administrative hearing before the ALJ, Baker was 40 years old with a high school education. [Tr., p. 33] He has past relevant work as a factory laborer, constable, magistrate, and jailer. [Tr., p. 33] He claims disability due to Crohn's disease, depression, colostomy, anxiety, decreased anal sphincter tone with rectal pain, abdominal pain, and right knee pain. [Record No. 10, p. 2, Tr., pp. 29, 31] After reviewing the medical evidence of record and the testimony presented at the hearing, the ALJ found that Baker suffers from the

following severe impairments: "history of chron's disease, status post March 8, 2004 colostomy with multiple flair-ups; decreased anal sphincter tone with rectal pain; [and] depression." [Tr., p. 29] However, the ALJ found that Baker retained the residual functioning capacity to perform light exertion work with some limitations. [Tr., p. 30] More specifically, the ALJ noted that,

> [a]fter careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light exertion work with the ability to lift/carry/push/pull 20 pounds occasionally (from very little up to one-third of an eight hour workday) and ten pounds frequently (from one-third up to two-thirds of an eight hour workday); stand/walk up to six hours in an 8-hour workday and sit up to six hours in an 8-hour workday. He requires ready access to a bathroom. Although he has problems with depression, he has the mental capacity to understand, retain and complete simple, repetitive work tasks; sustain attention and concentration to perform such work tasks; and adequately relate to others including coworkers, supervisors and the general public. He retains fair ability to tolerate stress, pressures and routine changes in an uncomplicated work environment without excessive productivity demands.

[Tr., p. 30] Based on these findings, the ALJ concluded that Baker was not disabled as defined in the Social Security Act and regulations. [Tr., p. 30]

## II.   LEGAL STANDARD

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b); 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 416.920(c); 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d); 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f); 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and*

*Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III. DISCUSSION

Baker raises several issues in this civil action. First, he contends that ALJ failed to give sufficient weight to the opinion of Baker's treating physician, Dr. Mitchell Wicker. Next, Baker contends that the ALJ failed to consider the combined effects of his impairments in determining that he was not disabled within the meaning of the Social Security Act and regulations. Additionally, he contends that the ALJ did not adequately consider the medical evidence from Kentucky River Community Care where Baker was treated for depression. Finally, Baker generally asserts that the ALJ's decision is not supported by substantial evidence based on Baker's testimony and the medical evidence in the record. He seeks reversal of the ALJ's decision and an order directing the Commissioner to issue a favorable decision, or, in the alternative, a remand of this matter for further proceedings.

Conversely, the Commissioner contends that the ALJ's decision denying benefits to Baker is supported by substantial evidence. More specifically, he asserts that the ALJ appropriately considered all the medical evidence and testimony and incorporated the relevant limitations in his findings. Further, the Commissioner contends that the ALJ properly rejected the opinion of Dr. Wicker, as it was not supported by the evidence in the record. Accordingly, the Commissioner asserts that the ALJ's decision should be affirmed.

### A.     The Opinion of the Treating Physician

Generally, "the opinions of treating physicians are entitled to controlling weight." *Cruse*, 502 F.3d at 540 (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997)). However, the "opinion of a treating physician is entitled to greater weight *only* if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002) (emphasis added). In *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004), the Sixth Circuit noted that a treating physician's opinion can be discounted if: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record.

In the present case, the Court finds that the ALJ properly rejected the opinion of Baker's primary care physician, Dr. Wicker, and clearly articulated the requisite "good reasons" for this conclusion. *See* 20 C.F.R. § 404.1527(d)(2). In a residual functioning capacity ("RFC") questionnaire dated February 9, 2004, Dr. Wicker opined that Baker's impairments and symptoms "constantly" interfered with his attention and concentration and that Baker was "[i]ncapable of even 'low stress' jobs." [Tr., p. 176] Dr. Wicker further stated that Baker could not sit, stand, or walk for any amount of time and would need to take frequent unscheduled

breaks during an eight hour workday. [Tr., pp. 176-77] According to the report, Baker would need to be absent from work more than four times a month as a result of his impairments and would be required to take an "unpredictable" amount of walks during an eight hour work day. [Tr., pp. 177- 78] Finally, Baker submitted a note from Dr. Wicker's office dated January 13, 2006, stating that "Mr. Baker is medically unable to work at this time." [Tr., p 655]

In considering Dr. Wicker's opinion, the ALJ thoroughly reviewed the record and medical evidence before him and concluded that the opinion was not entitled to controlling weight due to the contradictory evidence in the record. In particular, the ALJ noted that,

> [a]s for the opinion evidence, Dr. Wicker, claimant's primary care physician, completed an extremely limiting residual functioning assessment dated February []9, 2004 with limitations consistent with an individual who is bedridden limiting the claimant to zero minutes standing and zero minutes sitting with a further finding that he could not maintain attention and concentration and was incapable of even low stress jobs. This is inconsistent with his own treatment notes which indicate claimant doing quite well with his colostomy (4/8/2004), much less no acute complaints (10/25/2004) and claimant doing well enough to carry on with normal activities (11/21/2003). Accordingly, the Administrative Law Judge finds no reason not to adopt the analysis of Dr. Wicker's RFC in the prior decision and does so as fully set out herein. . . . A one-time only note tendered more recently on January 13, 2006 is similarly rejected as not probative of the record although it is noted that such note has the qualifier "at this time" suggesting a durational limit for a specific instance and probably is not intended as an all encompassing pronouncement on the claimant's disability under the Act. Accordingly, having reviewed the record as a whole to include the claimant's allegations and testimony, we have considered but are not persuaded by the medical opinion of Dr. Wicker.

[Tr., p. 33 (citations to record omitted)]

This Court agrees with the ALJ's analysis and conclusions regarding the opinion of Dr. Wicker. It is well-settled that the ultimate issue of disability is reserved to the Commissioner, not the treating physician. *Kidd. v. Comm'r of Soc. Sec.*, 2008 U.S. App. LEXIS 13675, at *11

(6th Cir. June 25, 2008) (citing *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)). "Thus, when a treating physician offers an opinion on an issue reserved to the Commissioner, such as whether a claimant is disabled, the ALJ need not accord the opinion controlling weight." *Id*. (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)). Additionally, "[w]hen a treating physician offers a conclusory opinion concerning a claimant's condition, the ALJ need not credit that view, especially if inconsistent with other diagnoses." *Id*. (citing *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994)).

Here, the ALJ found that Dr. Wicker's opinion regarding Baker's RFC and disability was not entitled to greater weight because it was inconsistent with his own treatment notes and the other medical evidence in the record. Further, Dr. Wicker's conclusory statements of disability in the January 2006 note are statements of the ultimate issue which is reserved for the Commissioner's determination. Accordingly, because the ALJ fulfilled the procedural requirements of § 404.1527(d)(2) and articulated "good reasons" for rejecting Dr. Wicker's opinion, and because his conclusion denying benefits is supported by substantial evidence as discussed below, the ALJ properly rejected Dr. Wicker's opinions regarding Baker's RFC and disability.

### B.     Combination of Impairments

Baker next contends that the ALJ failed to adequately consider "the combined effects of all the Claimant's impairments without regard to whether any such impairments, if considered separately, would be of sufficient severity to render claimant disabled." [Record No. 10, p.4]

In support of this assertion, Baker directs the Court's attention to the Sixth Circuit's decision in *Walker v. Secretary of Health & Human Services*, 980 F.2d 1066 (6th Cir. 1992). In *Walker*, the Sixth Circuit reversed the decision of an ALJ because the medical evidence of record indicated that the combined effect of the claimant's impairments warranted a finding of disability. *Id*. at 1071. The court found that the ALJ erred because he "looked at each impairment in a vacuum and made two separate determination[s] as to whether each one, separately, would qualify Walker for disability." *Id*.

However, the record in the present case reflects that the ALJ considered the combined effect of all of Baker's impairments, including his history of Crohn's disease, decreased anal sphincter tone with rectal pain, and depression. The ALJ noted that Baker "is status post ileostomy and colostomy and has been hospitalized with multiple flare-ups of Crohn's disease but diagnostic tests . . . results are not of a severity to meet or equal the requirements of Sections 5.06 or 5.07 of Appendix 1." [Tr., p.30] The ALJ then noted that, "[t]he claimant also has features of a mental disorder described in Section 12.04 of Appendix 1, but the documentary evidence establishes mild limitations in his ability to maintain the activities of daily living and social functioning and moderate limitations in concentration, persistence and pace." [*Id*.] As a result of these findings, the ALJ concluded that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." [*Id*.]

Further, in posing the hypothetical question to the vocational expert, the ALJ incorporated the combined effect of all the limitations associated with Baker's various severe

conditions, including the exertional limitations, need for frequent restroom breaks and mental limitations. The ALJ stated that,

> Baker has a residual functional capacity to perform light exertional work, which could include lifting, carrying, pushing, pulling 20 pounds occasionally, 10 pounds frequently, stand or walk a total of six hours in an eight hour day, sit six hours in an eight hour day. The claimant must have ready access to a bathroom facility. He also suffers from an adjustment disorder with mixed anxiety and depression mood secondary to his medical condition. However, he has the mental capacity to understand or attain and complete simple, repetitive work tasks, sustain the attention and concentration to perform such work tasks, adequately relate to others including coworkers and supervisors and the general public. He possesses a fair ability to tolerate stress, pressure and routine changes in a [sic] uncomplicated work environment without excessive productivity demands.

[Tr., p. 1384] The ALJ then informed the vocational expert of Baker's age, education, past relevant work and vocational skills, and the expert testified that available jobs exist in the national economy that Baker could perform. [*Id.* at 1385]

Pursuant to 20 C.F.R. § 404.1523, the ALJ is required to consider the "combined effect" of all the claimant's impairments in determining whether a medically severe combination of impairments exists. However, if the ALJ determines that a claimant does not have a medically severe combination of impairments, the Social Security Act and regulations mandate a determination that the claimant is not disabled. *See* 20 C.F.R. § 404. 1523 ("If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled."). In the present case, the ALJ thoroughly considered the combined effects of Baker's severe conditions in his decision as well as in his hypothetical to the vocational expert. Accordingly, the Court finds that the ALJ properly concluded that Baker did not have a medically severe combination of impairments and was not disabled.

### C. Substantial Evidence Supports the ALJ's Decision

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). Notably, credibility determinations are particularly within the province of the ALJ and are "to be given great weight." *Cruse*, 502 F.3d at 542 (quoting *Walters*, 127 F.3d at 531). If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995).

Having examined Baker's claims, the Commissioner's response, and the administrative transcript, the Court finds that the ALJ's decision denying benefits is supported by substantial evidence. Although Baker suffers from a variety of conditions, substantial evidence supports the ALJ's conclusion that the combination of these impairments was not medically severe and did not meet or equal any of the listed impairments. Medical testing regarding Baker's history of Crohn's disease, rectal dysfunction, and abdominal pain, indicate unremarkable results and negative pathology reports. [Tr., p. 31-32] As the ALJ noted in his opinion, the Chron's disease, abdominal pain and bowel issues appear to be exacerbated by Baker's smoking, drinking, and failure to get timely medical attention. [*Id*. pp. 690, 695] Test results in connection with the resulting flare-ups consistently show benign symptoms and normal functioning. [*Id*. p.32]

Contrary to Baker's assertions, the ALJ adequately considered the medical evidence from the Kentucky River Community Care regarding depression and adopted this evidence in his

recommendation. In fact, the ALJ specifically concluded that "the Administrative Law Judge extends Mr. Baker the benefit of the doubt and is satisfied that he continues with moderate limitations in maintaining concentration, persistence or pace." [Tr., p.29] Additionally, Baker's claim of disabling knee pain is contradicted by an August 2004 MRI which showed "very little" joint effusion and no other abnormalities.

In evaluating Baker's allegations and testimony, the ALJ found that the "claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." [*Id.*] In particular, the ALJ noted that

> [t]he claimant related well to the Administrative Law Judge and to his representative at the hearing and he answered questions quickly and appropriately without any evidence of a memory or concentration problem. There was no obvious evidence of any significantly limiting mental or emotional problem during the course of the oral hearing although he has been afforded the benefit of the doubt. Moreover, the record discloses a wide range of daily activities given the alleged severity of pain and functional limitations. He went to Florida, shops, cooks and drives. He worked to April 2003 as a Bailiff for Perry County Sheriff Department when he was laid off. He was a magistrate from 1998 to 2003 when he was defeated in an election. The record moreover raises some suspicions of non-compliance whether with diet or somking and drinking which would seemingly explain so many exacerbations juxtaposed to not so revealing diagnostic test results.

[Tr., p.33]

In considering the severity of a claimant's medical impairment, an ALJ must determine whether the impairment or a combination of impairments, "significantly limits" the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). However, "an ALJ is not required to accept a claimant's subject complaints and may properly consider the

credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). In evaluating the credibility of a claimant, the Sixth Circuit has recognized that a reviewing court should be "particularly reluctant" to substitute its judgment of the credibility of the claimant for that of the ALJ, since the ALJ has "seen the claimant in the flesh" and has had the opportunity to observe his demeanor. *Gooch*, 833 F.2d at 592. As such, the reviewing court "should show deference to the decision of the administrative law judge in assessing credibility." *Tyra v. Sec'y of Health and Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990).

In the present case, the ALJ found that Baker's statements of disabling pain and limitations were not supported by the medical evidence, and this Court agrees with his findings and conclusions. The ALJ gave Baker the "benefit of the doubt" concerning his depression and lack of concentration, but concluded that this impairment, combined with all the other conditions, was insufficient to support a finding of disability under the listing of impairments. The ALJ included this mental limitation, as well as all other relevant exertional limitations and the need for bathroom breaks in his findings, and the medical evidence of record supports the ALJ's conclusions. Accordingly, the Court finds that the ALJ's decision denying benefits is supported by substantial evidence.

### IV.  CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** that:

(1)  Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 11] is **GRANTED**;

(2)     Plaintiff Gary Baker's Motion for Summary Judgment [Record No. 10] is **DENIED**;

(3)     The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 11th day of July, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge